UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BRYANT JACKSON,                              :

                      Petitioner,       :

            -against-                        :    **REPORT AND RECOMMENDATION**

M. BRANDT,                                       :    10 Civ. 05858 (PAC)(KNF)

                     Respondent.   :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

      On July 18, 2010, Bryant Jackson ("Jackson"), acting pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The respondent opposed the petition,[1] arguing, inter alia, that Jackson's challenge to New York's persistent violent felony offender statute is unexhausted. By a letter dated January 6, 2011, Jackson sought "to withdraw, without prejudice, with the intent of re/submitting the [petition] at the appropriate time. In light of newly discovered evidence, and a Claim of Actual Innocense, including State considerations, I will pursue further relief accordingly." The respondent did not oppose the petitioner's request to withdraw the petition but noted that, "if the petition is withdrawn, a later-filed petition may be untimely" since the statute of limitations expired. To the extent that Jackson sought a stay for the purpose of exhausting his newly discovered evidence and actual innocence claims, the respondent opposed that request, because the petitioner "has not specified what his claims are or when he first discovered the factual bases for those claims" and the Court cannot determine whether the proposed claims are meritless.

---

    [1] As of the date of this writing, no notice of appearance has been filed on behalf of the respondent.

By an order, dated February 14, 2011, the Court: (a) determined that the statute of limitations governing the filing of Jackson's habeas corpus petition expired on August 19, 2010, and that any claim added or petition filed after that date would be untimely; (b) interpreted Jackson's request to withdraw the petition as a request to amend the petition to add his unexhausted claim of innocence and to stay and hold in abeyance the habeas corpus petition until the unexhausted claim of innocence and the unexhausted claim challenging his sentence as a persistent violent felony offender are exhausted in the state courts; (c) directed Jackson to file an affidavit, stating the facts supporting his claim of innocence, based on newly discovered evidence; and (d) directed the respondent to file a response to Jackson's affidavit.

On March 7, 2011, Jackson filed an "affidavit in support of his request for permission to withdraw his unexhausted claims in habeas corpus petition." Jackson acknowledged that the respondent opposed his petition, "contending inter alia that said petition contained an unexhausted claim challenging 'adjudication and sentence as a persistent violent felony offender.'" Jackson explained that the respondent did not oppose his request to withdraw the petition, "while claiming that any later filed petition may result [in a finding that it is] untimely because of the statute of limitation," and that "because [he] failed to specify the nature or bases for such claim [or when it] was first discovered, respondent would oppose the request for a stay . . . ." Jackson stated:

> 7. That in light of developing facts and circumstances beyond this petitioner's control the evidence relied upon for making said request to "withdraw without prejudice for purposes of exhausting said claim in the state court" is no longer available to me at the present time.
> 8. That because said evidence is no longer available to me due to lost thereof upon the unexpected transfer of the jailhouse lawyer responsible for its discovery and development.
> 9. That because said evidence has been lost and/or unavailable to me I pray that this court permit me to withdraw the unexhausted claims found therein the referenced

> petition properly before this court, without any due prejudice to the petitioner.
> 10. That because of the reasons set forth above this court permit me to proceed with those properly presented claims before this court as if the unexhausted claims appeared not therein.

The respondent stated he did not oppose Jackson's request to withdraw his: (a) claim of actual innocence based on newly discovered evidence; and (b) "challenge to his adjudication as a persistent violent felony offender."

Although a motion to amend a pleading is considered a nondispositive matter in this circuit, see Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007); Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007), where a ruling on such a motion removes a claim or defense from the action, the matter becomes dispositive with respect to the claim or defense removed, see In re Motor Fuel Temperature Sales Pract. Litig., 261 F.R.D. 577, 579 (D. Kan. 2009). Accordingly, the Court considers Jackson's request to remove his: (a) claim of innocence, based on newly discovered evidence, asserted in his motion to amend and stay the petition; and (b) challenge to his sentence, as a persistent violent felony offender, asserted in his habeas corpus petition, as potentially dispositive and within the purview of Fed. R. Civ. P. 72(b).

"[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005). Here, Jackson seeks to: (a) withdraw his unexhausted claim of innocence, asserted in his motion to amend the petition, and to stay the petition until his unexhausted claims are exhausted; and (b) withdraw from his petition the unexhausted claim challenging his sentence as a persistent violent felony offender. Through its

3

February 14, 2011 order, the Court informed Jackson that: (1) any claim added or petition filed after August 19, 2010, is untimely; and (2) the claim challenging his adjudication, as a persistent violent felony offender, as well as the claim of innocence, based on newly discovered evidence, are unexhausted. Jackson confirmed, in his affidavit, filed on March 7, 2011, that he is aware of the arguments advanced by the respondent in connection with his unexhausted claims and the Court's February 14, 2011 order. As it is Jackson's desire to proceed only with the exhausted claims asserted in his petition, and the respondent does not oppose this, dismissing the entire petition would unreasonably impair Jackson's right to obtain federal relief. Accordingly, granting Jackson's request to withdraw his unexhausted claims is warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that Jackson's request to withdraw his unexhausted: (1) claim of innocence, asserted in his January 6, 2011 request to amend and stay his habeas corpus petition; and (2) claim challenging his sentence as a persistent violent felony offender, asserted in his habeas corpus petition, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF

OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
       March 25, 2011

Respectfully submitted,

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Bryant Jackson
Priscilla Steward, Esq.