UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
BRYANT JACKSON,

              Petitioner,

   - against -

M. BRANDT,

             Respondent.
------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 23, 2012

10 Civ. 05858 (PAC)(KNF)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

      Pro se petitioner Bryant Jackson ("Jackson") seeks a writ of habeas corpus from his December 18, 2006 conviction for robbery in the first degree. He was sentenced as a persistent violent felony offender to an indeterminate prison term of 20 years to life. His conviction was affirmed by the Appellate Division on April 30, 2009. The New York Court of Appeals denied leave to appeal on August 14, 2009. On July 18, 2010, Jackson filed his petition pursuant to 42 U.S.C. § 2254 asserting that: (1) he was denied due process when the police used an unduly suggestive lineup procedure which the trial court subsequently refused to suppress; (2) grand jury proceedings were rendered defective when the People improperly joined unrelated offenses; and (3) the trial court violated his Sixth Amendment rights by sentencing him as a persistent violent felony offender based on his prior offenses.

      On August 12, 2010, this Court referred the case to Magistrate Judge Fox. On January 6, 2011, Jackson filed a request to withdraw his petition in order to pursue a claim, of actual innocence, based on newly discovered evidence. Respondent did not oppose Jackson's request to withdraw the petition but noted that, "if the petition is withdrawn, a later-filed petition may be untimely," as the statute of limitations period expired on August 19, 2010. To the extent that

1

Jackson sought a stay for the purpose of exhausting his newly discovered evidence and actual innocence claims, Respondent opposed that request because Jackson "has not specified what his claims are or when he first discovered the factual bases for those claims" and the Court cannot determine whether those claims are meritless.

By order dated February 14, 2011, Magistrate Judge Fox determined that the Court lacked sufficient information to determine whether Jackson's claim of innocence based on newly discovered evidence is meritorious. (Docket No. 13.) In order to avoid a later-filed petition from being untimely under the statute of limitations, Magistrate Judge Fox interpreted Jackson's request to withdraw his petition as one to amend his petition to add his unexhausted claims and to stay and hold in abeyance the petition until Jackson exhausted his innocence claim in state court. The Court ordered Jackson to serve and file an affidavit stating the facts supporting his new claim on or before March 7, 2011. On March 1, 2011, Jackson served an affidavit and requested permission to withdraw the unexhausted claims in his habeas petition. This affidavit was subsequently filed on March 7, 2011. (Docket No. 15.) Respondent did not oppose Jackson's request to withdraw his unexhausted claim.

On March, 25, 2011, Magistrate Judge Fox issued a Report and Recommendation ("R&R") recommending that Jackson's request to withdraw his unexhausted claim of innocence and his unexhausted claim challenging his sentence as a persistent violent felony offender be granted. This Court agrees.

Magistrate Judge Fox considered Jackson's request to amend his petition as a potentially dispositive matter because "where a ruling on such a motion removes a claim or defense from the action, the matter becomes dispositive with respect to the claim or defense removed. (R&R at 3 (citing In re Motor Fuel Temperature Sales Pract. Litig., 261 F.R.D. 577, 579 (D. Kan. 2009)).)

2

Magistrate Judge Fox found that Jackson's request to withdraw his unexhausted claims should be granted and that dismissing the entire petition "would unreasonably impair [Jackson's] right to obtain federal relief. (R&R at 4 (quoting Rhines v. Weber, 44 U.S. 269, 278 (2005)).) Furthermore, respondent does not oppose Jackson's request to proceed only with the exhausted claims asserted in his petition. Jackson has confirmed in his affidavit that he is aware of respondent's arguments and the Court's February 14, 2011 order regarding his unexhausted claims and that any claim added or petition filed after August 19, 2010 is untimely. (R&R at 4.) Consistent with the procedure set forth in Rhines, Magistrate Judge Fox recommended that this Court grant Jackson's request to withdraw his unexhausted claims. Written objections were due within 14 days pursuant to Fed. R. Civ. P. 72(b) but none were filed.

## DISCUSSION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes a timely "specific written objection," the district court is obligated to review the contested issues *de novo*. Greene v. WCI Holdings Corp., 956 F. Supp 509, 513 (S.D.N.Y. 1997). The Court, however, may adopt those portions of the recommendation to which there is no "specific, written objection," as required under Fed. R. Civ. P. 72(b), as long as those sections are not clearly erroneous. (Id.) No party made any objection to the R & R. Consequently, the Court will review Magistrate Judge Fox's recommendation for clear error.

Having considered Magistrate Judge Fox's R & R and finding no clear error in its analysis, Jackson's request to withdraw his unexhausted claims is GRANTED.

3

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Fox's R&R in its entirety.

Jackson's request to withdraw his unexhausted claims is therefore GRANTED.

Dated: New York, New York
       January 23, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Bryant Jackson
Priscilla Steward, Esq.