UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRYANT JACKSON,

        Plaintiff,

  -against-

M. BRANDT,

        Respondent.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 29, 2012

10 Civ. 05858 (PAC) (KNF)

<u>ORDER ADOPTING R&R</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

    <u>Pro se</u> plaintiff, Bryant Jackson ("Jackson"), seeks a writ of habeas corpus from his December 18, 2006 conviction for robbery in the first degree. He was sentenced as a persistent-violent-felony offender to an indeterminate prison term of 20 years to life. His conviction was affirmed by the Appellate Division on April 30, 2009. On July 18, 2010, Jackson filed his petition pursuant to 42 U.S.C. § 2254 asserting that: (1) he was denied due process when the police used an unduly suggestive lineup procedure which the trial court subsequently refused to suppress, and when the trial court refused to allow defense counsel to refresh a detective's recollection of the victim's description of the robber's clothing which was contained in the detective's complaint report; (2) grand jury proceedings were rendered defective where numerous unrelated offenses were improperly joined; and (3) the trial court violated his Sixth Amendment rights by sentencing him as a persistent-violent-felony offender based on his prior offenses. On January 23, 2012, the Court granted Jackson's motion to withdraw from the petition his unexhausted claim of actual innocence, as well as his claim challenging his sentence as a persistent-violent-felony offender.

    On February 23, 2012, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation (R&R), recommending denial of Jackson's habeas petition. On March 8, 12,

1

and 13, 2012, Jackson timely filed his objections to the R&R.  For the reasons set forth below, the Court adopts the R&R in full and denies Jackson's habeas corpus petition.

## BACKGROUND[1]

I.   Facts

On January 19, 2006, at approximately 9:45 p.m., Katherine McCaskey ("McCaskey") was walking home from Stuyvesant Park in Manhattan while talking on her cellphone to a friend.  She noticed Jackson approach her.  Suddenly, Jackson grabbed McCaskey and motioned with a gun toward her purse.  He said: "Shut up bitch or I will shoot you."  Jackson took two dollars from her wallet and grabbed McCaskey's cellphone from her hand.  He then told McCaskey to turn around and walk away, "or I will shoot you in the head."  McCaskey complied.

The face-to-face encounter between Jackson and McCaskey lasted approximately two minutes.  Nothing obstructed her view of Jackson, and the area was well-lit with the light posts approximately 10 feet away.  McCaskey testified that Jackson was a black man who appeared to be in his thirties, that he had a medium to slender build, and was about one foot taller than McCaskey.  She testified that Jackson was wearing a black knit hat, a dark brown cable knit sweater, and a brown leather jacket.  Since she spent most of the time during the encounter looking at Jackson's face, McCaskey testified that he had a "tall cheekbone structure, kind of a gaunt cheek area, tall bridge to his nose . . . the beginnings of a beard, and some . . . dirt or something on his face."

After returning to her apartment, McCaskey called the 311 non-emergency line and reported the incident.  She also received an e-mail from her friend with whom she had been talking on her cellphone at the time of the attack.  The friend had called 911 and asked the police to check on McCaskey.

---

[1] Facts are taken from Magistrate Judge Fox's February 23, 2012 R&R, unless otherwise noted.

Minutes later, two police officers arrived at McCaskey's apartment and took her to the 13th Precinct, on 20th Street. Sergeant Matteo Brattesani ("Brattesani") interviewed McCaskey. Brattesani testified that she described the robber as a very tall, black man in his thirties, about "six-three, six-four," slim build, who was wearing a black knit hat and a brown sweater with knitting on the front. Based on McCaskey's description, Brattesani matched these characteristics to a photograph of a person he had seen recently. Brattesani then used a police computer to identify five additional men who matched the robber's description in order to use their arrest photographs in a photographic array. Brattesani showed the six-photo array to McCaskey, who recognized the person depicted in photograph number one as the man who robbed her. The man in the photograph was Jackson, and he was subsequently arrested on February 1, 2006.

That same day, Brattesani transported McCaskey to the precinct to participate in a lineup identification proceeding. Brattesani selected five persons, in addition to Jackson, for the lineup. They were of different heights, but to minimize any discrepancy, all were seated when McCaskey viewed them. McCaskey identified Jackson as the person who robbed her.

A grand jury charged Jackson with one count of first-degree robbery and twenty-seven other offenses relating to his possession of crack cocaine, imitation drugs and forged instruments, as well as his sale of imitation drugs. Jackson moved to dismiss the indictment on the ground that the counts in the indictment were joined improperly. The trial court severed the first-degree robbery charge and denied his motion. Jackson also moved to suppress McCaskey's identification testimony. The trial court found that the lineup identification was not unduly suggestive, and that Jackson's height and the brown leather jacket that he wore at the lineup were not so distinctive as to affect the fairness of the lineup.

At trial, Jackson's sister testified that Jackson was with her on January 19, 2006, until 9:15 p.m.  Nevertheless, the jury found Jackson guilty of first-degree robbery.  He was adjudicated a persistent-violent-felony offender and sentenced to twenty years to life imprisonment.

II.     Procedural History

On April 30, 2009, the New York State Supreme Court, Appellate Division, First Department, affirmed Jackson's conviction.  See People v. Jackson, 877 N.Y.S.2d 327 (N.Y. App. Div. 1st Dep't 2009).  The court held that: (1) the hearing court properly denied Jackson's suppression motion because the evidence educed at the hearing established that the lineup identification procedure was not unduly suggestive; (2) the hearing court properly precluded Jackson from using a complaint report prepared by an officer who did not testify to refresh the recollection of one who did testify, because the testifying officer's recollection was clear and did not need refreshing; and (3) the remaining arguments made by Jackson had no merit.  See id.  On August 19, 2009, the New York Court of Appeals denied Jackson's request for leave to appeal. See People v. Jackson, 13 N.Y.3d 745 (2009).

On July 18, 2010, Jackson filed a timely federal habeas petition, asserting three arguments.  First, Jackson contends that he was denied due process when the police conducted an unduly suggestive lineup.  Jackson claims that this lineup was unduly suggestive because he was the only person in the lineup who was 6′4″ and wearing a brown jacket.

Second, Jackson claims he was denied due process when the trial court refused to allow defense counsel to refresh Brattesani's recollection of the victim's pre-trial identification. Jackson maintains that the complaint report indicates that, on the night of the crime, McCaskey informed the police that the perpetrator was wearing a brown leather jacket.  Brattessani testified,

4

however, that on the night of the crime McCaskey told him that the perpetrator was wearing a brown sweater with knitting on the front. In light of this inconsistency, Jackson believes his defense counsel should have been allowed to refresh Brattesani's memory using the complaint report.

Finally, Jackson contends that the grand jury proceeding was defective. He was indicted for first-degree robbery. Although, there was no evidence that the robbery was motivated by drugs, the grand jury heard evidence of Jackson's alleged possession and sale of drugs, and of his possession of forged instruments. Consequently, the grand jury charged Jackson with twenty-eight counts, including one count of first-degree robbery, twenty-two counts of second-degree criminal possession of a forged instrument, and the five counts pertaining to drug possession and sale. The court severed his first-degree robbery charge because it recognized that the other charges were improperly joined. Jackson argues that the court erred in refusing to dismiss the indictment because the drug and forged instrument charges prejudiced the grand jury's evaluation of the robbery charge.

The respondent argues that the state court's findings of fact in connection with the lineup procedure are entitled to deference. The respondent also asserts that the Appellate Division's decision that the lineup was not unduly suggestive is neither contrary to nor an unreasonable application of clearly established federal law. The respondent emphasizes that even if the lineup identification procedure was unduly suggestive, McCaskey's face-to-face encounter with Jackson on the night of the robbery provided an independent basis for the in-court identification of Jackson.

The respondent also contends that Jackson's challenge to the state court's refusal to permit his attorney to refresh Brattesani's recollection is not cognizable on habeas review because it is a

matter of state evidentiary law, and that the trial court's ruling was proper.  Further, respondent argues that Jackson's claim that the grand jury indictment was defective does not present a federal question, as the Fifth Amendment right to a grand jury indictment has not been incorporated against the states through the Fourteenth Amendment.

## MAGISTRATE JUDGE FOX'S R&R

On February 23, 2012, Magistrate Judge Fox issued an R&R, recommending denial of Jackson's petition.

I.Jackson's Claims Fail on the Merits

Magistrate Judge Fox concluded that Jackson's lineup was not unduly suggestive, that the trial court properly refused to refresh Brattesani's recollection, and that the defective grand jury proceedings were rendered harmless by a jury conviction.  Judge Fox therefore found that Jackson was not entitled to federal habeas relief.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court's factual determinations are presumed correct; and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  Id. at § 2254(e); Bierenbaum v. Graham, 607 F.3d 36, 48 (2d Cir. 2010).

6

A. <u>The Lineup Identification was Not Unduly Suggestive</u>

Magistrate Judge Fox determined that the state court's decision concerning Jackson's claim of an unduly suggestive lineup complied with clearly established federal law. Due process requires that identification testimony be reliable. See <u>Raheem v. Kelly</u>, 257 F.3d 122, 133 (2d Cir. 2001). "[T]he identification evidence will be admissible if (a) the procedures were not suggestive or (b) the identification has independent reliability." <u>Id.</u> In determining suggestiveness, the "principal question . . . is whether the appearance of the accused, matching descriptions given by the witness, so stood out from all of the others . . . as to suggest to an identifying witness that that person was more likely to be the culprit." <u>United States v. Wong</u>, 40 F.3d 1347, 1359-60 (2d Cir. 1994) (internal quotations and alterations omitted).

Magistrate Judge Fox found that the brown outer garment worn by Jackson at the lineup did not render the lineup suggestive. The state court concluded that Jackson's garment was an "unremarkable," "common article of clothing [that] was not so distinctive." <u>Jackson</u>, 877 N.Y.S.2d 327. As Magistrate Judge Fox correctly observed, the state court's finding is presumed to be correct, and Jackson has presented no clear and convincing evidence to rebut this presumption. The state court's conclusion that the lineup was not unduly suggestive, "particularly since the passage of nearly two weeks between the crime and the lineup would have reduced the significance of any similarity between an unremarkable garment worn by a lineup participant and one worn by the described suspect," <u>id.</u>, was neither contrary to, nor involved an unreasonable application of clearly established federal law.

Nor did Jackson's height create an unduly suggestive lineup. Although height was a prominent feature of McCaskey's description of the robber, the state court found that, "[b]ecause all of the lineup participants were seated, height differences were sufficiently minimized." <u>Id.</u>

7

"Due process does not require total uniformity of appearance between the defendant and the other participants in the lineup." Espiritu v. Haponik, No. 05 Civ. 7057, 2012 WL 161809, at *6 (S.D.N.Y. Jan. 19, 2012) (citation omitted). Accordingly, Magistrate Judge Fox found that the state court's holding was not contrary to, or an unreasonable application of clearly established federal law.

### B. The Trial Court did not Err in Precluding Jackson's Counsel from using the Complaint Report on Cross-Examination

Magistrate Judge Fox also found that Jackson's Sixth Amendment argument regarding the complaint report lacked merit. The Sixth Amendment right "to confront and cross-examine witnesses . . . [has] long been recognized as essential to due process." Chambers v. Mississippi, 410 U.S. 284, 294 (1973). "Where newly discovered evidence is sought to place at issue the credibility of a prosecution witness we find it important to give deference to the conclusions of the trial judge whose presence at the proceedings gives him a far better vantage than our own for this determination." United States v. Bermudez, 526 F.2d 89, 100-101 (2d Cir. 1975).

The Appellate Division concluded that the trial court "properly precluded defendant from using a complaint report prepared by a nontestifying officer to refresh the testifying officer's recollection of the victim's description of the robber's clothing, since the officer's recollection was clear and did not need to be refreshed." Jackson, 877 N.Y.S.2d 327. Magistrate Judge Fox found that Jackson failed to present clear and convincing evidence to rebut the state court's factual findings. In addition, the Appellate Division determined that Jackson was not prejudiced by the trial court's ruling "because the court, as trier of fact, was made aware of the contents of the report, and because the difference between the clothing descriptions in the report and the officer's testimony was insignificant with regard to the issue of suggestiveness." Id. Thus,

8

Magistrate Judge Fox found that Jackson's Sixth Amendment claim did not warrant habeas relief.

C. <u>Jackson's Jury Conviction Rendered Harmless any Defect in Grand Jury Proceedings</u>

Magistrate Judge Fox found that in light of the jury conviction on the charge of first-degree robbery, the Court must deny Jackson's claim that the state court erred when it denied his motion to dismiss the first-degree robbery indictment based on improper joinder of prejudicial and misleading evidence before the grand jury. Claims of deficiency in state grand jury proceedings involving misleading and prejudicial evidence are not cognizable in federal habeas corpus proceedings because a jury conviction renders harmless, beyond a reasonable doubt, any defect in the state grand jury proceedings concerning the charging decision. <u>See</u> <u>Lopez v. Riley</u>, 865 F.2d 30, 32 (2d Cir. 1989). Accordingly, Magistrate Judge Fox recommended that the Court deny Jackson's petition.

**DISCUSSION**

I. <u>Standard of Review</u>

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues <u>de</u> <u>novo</u>. <u>Hynes v. Squillace</u>, 143 F.3d 653, 656 (2d Cir. 1998). The Court may, however, "adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." <u>La Torres v. Walker</u>, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

9

II.   Objections to Magistrate Judge Fox's R&R

Jackson filed 18 pages of objections to Magistrate Judge Fox's R&R, most of which repeat prior arguments that Magistrate Judge Fox considered and rejected.  The Court has reviewed Jackson's objections to the R&R and finds them to lack merit. The Court therefore adopts Magistrate Judge Fox's R&R in its entirety.

A.   Independent Reliability of McCaskey's Identification of Jackson

Jackson objects to the reliability of McCaskey's pre-trial and in-court identification.  He contends that even if the lineup was not unduly suggestive, McCaskey's identification of Jackson is unreliable because she did not testify as to the "big scar" on Jackson's face.  This objection is without merit.

The Second Circuit held in Raheem that where the pre-trial identification procedures "were not suggestive, the identification evidence presents no due process obstacle to admissibility; no further inquiry by the court is required, and the reliability of properly admitted eyewitness identification, like the credibility of the other parts of the prosecution's case is a matter for the jury."  257 F.3d at 133 (internal quotations and citations omitted).

This Court agrees with Magistrate Judge Fox that Jackson's pre-trial identification was not procured under unduly suggestive procedures.  The credibility of McCaskey's identification testimony was therefore a matter for the jury to decide.  Accordingly, Jackson's objection is meritless.

B.   Additional Objections

Among Jackson's remaining objections, three present new arguments which were not included in his petition.  First, he claims that counsel's failure to call his girlfriend as an alibi

10

witness deprived him of his Sixth Amendment right to effective assistance of counsel.[2]  Second, Jackson claims that he was entitled to inspect the complaint report because it touched events that were testified to by Brattesani.  Finally, Jackson argues that he was denied a fair trial when the prosecution failed to produce a recording of McCaskey's 311 call made on the night of the robbery.

Jackson never raised these arguments in his petition, and Magistrate Judge Fox did not have an opportunity to address them in his R&R.  "Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." Jones v. New York Dept. of Corr. (DOC) Jail, No. 11 Civ. 4477, 2012 WL 1232963, at *2 (S.D.N.Y. Apr. 12, 2012).  Accordingly, the Court declines to consider these arguments.

C. Request For Stay

Lastly, Jackson requests a stay of these proceedings to allow him to pursue his unexhausted claims in state court.  Jackson, however, previously served an affidavit requesting permission to withdraw his unexhausted claims and proceed with the exhausted claims in his petition.  (Docket No. 15.)  The Court granted this request in its January 23, 2012 Order Adopting the Report and Recommendation of Magistrate Judge Fox (Docket No. 21).  Jackson fails to show why the Court should reconsider its ruling.  Accordingly, his request for a stay is denied.

---

[2] Jackson's sister was called as a witness and testified she was with her brother at the time of the robbery.  (See p. 4 supra.)

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts the Report and Recommendation as its opinion. Jackson's petition for habeas corpus is denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment and terminate this case.

Dated: New York, New York
      June 29, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Bryant Jackson
DIN: 07A0406
Elmira Correctional Facility
Elmira, New York 14902-0500